FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT F.,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 2:18-CV-03019-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C § 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I.    JURISDICTION

Plaintiff filed his application for Disability Insurance Benefits on May 24, 2013. AR 108. His alleged onset date of disability is May 24, 2011. AR 18, 109. Plaintiff's application was initially denied on December 20, 2013, AR 18, 108-120, and on reconsideration on March 18, 2014, AR 18, 136.

A hearing with Administrative Law Judge ("ALJ") Laura Valente occurred on November 10, 2015. AR 46. Because Plaintiff was not represented by counsel, the ALJ encouraged him to continue the hearing in order to retain counsel due to the complex issues in his case and Plaintiff complied. AR 46-55. A second hearing was held on May 5, 2016. AR 58. On October 3, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 18-36. The Appeals Council denied Plaintiff's request for review on December 4, 2017, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 7, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

1  can be expected to last for a continuous period of not less than twelve months." 42

2  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

3  under a disability only if the claimant's impairments are of such severity that the

4  claimant is not only unable to do his previous work, but cannot, considering

5  claimant's age, education, and work experience, engage in any other substantial

6  gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

7  The Commissioner has established a five-step sequential evaluation process

8  for determining whether a claimant is disabled within the meaning of the Social

9  Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v.*

10  *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

11  Step one inquires whether the claimant is presently engaged in "substantial

12  gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

13  activity is defined as significant physical or mental activities done or usually done

14  for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

15  substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§

16  404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

17  Step two asks whether the claimant has a severe impairment, or combination

18  of impairments, that significantly limits the claimant's physical or mental ability to

19  do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

20  impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 45 years old on the date the application was filed. AR 35. He has at least a high school education. *Id*. Plaintiff is able to communicate in English. *Id*. Plaintiff has a history of drug and alcohol abuse. AR 28, 683, 771, 968. Plaintiff has past relevant work as a cement mason and a construction worker II. AR 34.

# V.    THE ALJ'S FINDINGS

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from May 24, 2011, through December 31, 2013, the date last insured. AR 19, 36.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of May 24, 2011, through his date last insured of December 31, 2013 (citing 20 C.F.R. § 404.1571 *et seq*.). AR 20.

**At step two**, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease, carpal tunnel syndrome of the left upper extremity, somatoform disorder, affective disorder, personality disorder, and substance abuse disorder (citing 20 C.F.R. § 404.1620(c)). AR 21.

At **step three**, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§§ 404. 1520(d), 404.1525 and 404.1526). AR 22.

**At step four**, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity to lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently; stand/walk six hours in an eight-hour

workday; sit for six hours in an eight-hour workday; he could occasionally push/pull with his bilateral lower extremities for operation of foot pedals; he could perform all postural activities frequently but he had no limitations in balancing; he could perform frequent left upper extremity gross handling; he had to avoid concentrated exposure to extreme cold, wetness and hazards such as heights and dangerous moving machinery; he had sufficient concentration to understand, remember, and carry out simple, repetitive tasks that could be completed in a short period of time such as in two-hour increments; he could maintain concentration, persistence, and pace in two hour increments throughout an eight-hour workday; he could adapt to simple workplace changes as might be required for simple repetitive task work; he was able to tolerate occasional supervision; he could work in the same room with an unlimited number of coworkers but he could not have coordination of work activity. AR 24-34.

The ALJ determined that, through the date last insured, the claimant was unable to perform any past relevant work. AR 34.

**At step five**, the ALJ found that through the date last insured, in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he could have performed. AR 35-36. These include, cashier II and cleaner/housekeeping. *Id*.

# VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) failing to reopen and consider evidence from the prior filing period; (2) improperly discrediting Plaintiff's subjective complaint testimony without specific, clear and convincing reasons for doing so; and (3) failing to properly consider the medical opinion evidence after December 2012.

# VII. DISCUSSION

## A. The Court Lacks Jurisdiction to Review the ALJ's Decision Not to Reopen Plaintiff's 2012 Application.

Plaintiff filed a prior application for benefits on April 29, 2012, to cover a period of disability that began on February 28, 2008, and ended on December 31, 2013. AR 93-94. The application was initially denied on October 16, 2012 and Plaintiff did not timely request review, so that decision became administratively final.[1] *Id.* Plaintiff then filed a new application for disability benefits on May 24, 2013, alleging a disability period that overlapped with the previous application's proposed coverage period with a new alleged onset date of May 24, 2011, and the

---

[1] The Court notes that the ALJ incorrectly states that Plaintiff's previous application was initially denied on December 16, 2012, rather than the correct date of October 16, 2012, AR 18, 32, 59. This error is harmless error as it had no affect on the ALJ's "ultimate nondisabilty determination." *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.,* 466 F.3d at 885.

date last insured remaining on December 31, 2013. AR 109. His second application was denied both initially and on reconsideration. AR 134, 143. However, this time, Plaintiff timely filed a request for a hearing. AR 148. At the hearing, Plaintiff requested a reopening of his 2012 application. AR 59.

An ALJ may reopen a case "for any reason" within 12 months of the notice of initial determination. 20 C.F.R. § 404.988(a). If the request to reopen is made within four years of the notice of the initial determination, the ALJ may reopen the case if he or she finds "good cause," as defined in 20 C.F.R. 404.989. 20 C.F.R 404.988(b). The decision to not reopen a previously adjudicated Social Security claim, however, is "purely discretionary" and not a "final" decision under 42 U.S.C. § 405(g) that permits district court review. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (citing *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982)). Therefore, generally, the district court lacks jurisdiction to review the Commissioner's decision to not reopen a final decision made after a hearing. *Krumpelman*, 767 F.2d at 588. However, a de facto reopening of a Commissioner's earlier decision can occur where the Commissioner considers on the merits the issue of a claimant's disability during the previously adjudicated period. *See Lewis v. Apfel*, 336 F.3d 503, 510 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995). As such, based on the decision not to reopen, the ALJ was only

allowed to consider the merits of Plaintiff's claim from October 17, 2012, the day after the initial denial, through the date last insured.

Here, the ALJ did not find a basis to reopen the prior determination. AR 18. Further, the ALJ clearly disclaimed an intention to reopen the application and stated that "any discussion of evidence from that period is solely for background purposes and is not an implied reopening." AR 18. It is clear from the record that the ALJ did not reopen, nor intend to reopen Plaintiff's previously adjudicated application. For these reasons, this Court lacks jurisdiction to review the ALJ's decision to not reopen Plaintiff's previous 2012 application.

**B. The ALJ Properly Discounted Plaintiff's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 26. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 26-31.

### 1. The ALJ properly discredited Plaintiff's subjective complaints due to his inconsistent statements.

First, the ALJ noted Plaintiff's several inconsistent statements. AR 27-28. Inconsistent statements may be considered by an ALJ when evaluating reliability of a claimant's testimony. *Smolen*, 80 F.3d at 1284. For example, the ALJ notes that Plaintiff's allegations of debilitating mental impairments during the relevant time period are inconsistent with statements made during exams in which he consistently reported doing well and feeling stable. AR 28, 1606, 1608, 1611, 1614, 1617, 1620, 1623, 1634, 1641.

Plaintiff also reported in August 2012 that he had been completely abstinent from illegal substances for the past 18 months, AR 672, but in December 2011, he reported that he had relapsed the previous month, AR 647, notes from March 2012 indicate multiple positive drug screens, AR 652, and in May 2012 he reported another relapse, AR 655. AR 31. Further, in August 2012, his counselor noted that he was not forthcoming with the doses of Suboxone he was taking. AR 31, 693. *See Smolen*, 80 F.3d at 1284 (ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying").

The ALJ reasonably found that Plaintiff's inconsistent statements concerning his limitations throughout the relevant time period contradict his allegations of total disability.

**2. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with the medical evidence.**

The ALJ also noted multiple inconsistencies between Plaintiff's subjective complaints and the medical evidence on record. AR 25-30. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle*, 533 F.3d at 1161. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

For example, Plaintiff alleges disabling physical limitations including carpal tunnel and a herniated intervertebral disk. AR 27. Plaintiff testified at the hearing

that surgery for his carpal tunnel did not relieve the pain but improved the swelling. AR 73. However, the ALJ discredited this testimony due to records indicating that Plaintiff responded well to the surgery, a pain management doctor describing his surgery as "successful," as well as Plaintiff's own report during an exam that he "was happy with the results of the surgery." AR 27, 766, 771, 807, 1632. With regard to Plaintiff's back impairment, the ALJ pointed Plaintiff's minimal limitations during multiple exams, such as his ability to tandem walk, toe and heel walk, hop, and fully squat as well as his normal gait, strength, reflexes, and sensation. AR 33, 956, 761, 767-68, 1635.

As such, the ALJ reasonably found that Plaintiff's allegations of debilitating limitations during the relevant time period are inconsistent with the medical evidence.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to his activities of daily living.

Next, the ALJ found that Plaintiff's allegations of completely disabling limitations were belied by his daily activities. AR 27, 30. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally

debitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ noted that several of Plaintiff's activities of daily living during the relevant time period do not correlate to the level of impairment he asserts. AR 27, 30. These activities include Plaintiff's ability to care for his personal hygiene, prepare simple food, shop, do laundry at the laundromat, care for the family's four dogs, and attend school for over a year. AR 30, 288-95, 623, 659, 666, 672, 766, 771. Plaintiff was also able to perform several household chores such as sweeping, mopping, mowing the lawn, and repairing water damage on his home eight hours a day. AR 30, 766, 1641, 1643.

Thus, the ALJ reasonably found that Plaintiff's daily activities throughout the relevant time period contradict his allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as he alleges.

### 4. The ALJ properly discredited Plaintiff's subjective complaints due to his failure to seek treatment.

In addition to the above reasons, the ALJ further found that Plaintiff's allegations of disabling limitations are inconsistent with the level of treatment he sought during the relevant time period. AR 26-30. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674

F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment …

can cast doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*,

885 F.2d 597, 603 (9th Cir. 1989).

The ALJ provided multiple reasons for discrediting Plaintiff based on his

failure to seek mental health treatment. For example, at the hearing Plaintiff

alleged that his depression symptoms were so severe that he could not get out of

bed on some days and that his depression and anxiety were difficult to control and

led to panic attacks. AR 28, 81-82. However, Plaintiff also testified at the hearing

that he did not take any depression medication. AR 28, 75. In addition to not taking

medication, the ALJ also pointed to Plaintiff's failure to follow through with his

prescribed mental health counseling. AR 28-29, 679-680, 1555, 1601.

There were also treatment inconsistencies regarding Plaintiff's allegations of

physical limitations. Plaintiff alleges debilitating carpal tunnel in his right hand,

however, his statements are inconsistent with his decision not to pursue surgery for

the limitation. AR 33, 73. As such, the ALJ reasonably found that Plaintiff's failure

to seek treatment throughout the relevant time period contradict his allegations of

total disability.

The record supports the ALJ's determination that Plaintiff's conditions are

not as limiting as he alleges. When the ALJ presents a reasonable interpretation

that is supported by the evidence, it is not the role of the courts to second-guess it.

*Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**C. The ALJ Properly Weighed the Medical Opinion Evidence.**

**1. Legal standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830 (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

## 2. Ronald A. Couturier, D.O.

Dr. Couturier is a treating physician who provided a narrative letter of Plaintiff's medical conditions and ongoing impairments in November 2015. AR 807-08. Plaintiff has been Dr. Couturier's patient since January 15, 2013. AR 807. In his letter, Dr. Couturier opined that Plaintiff's several medical conditions, which include Hepatitis C, lower back pain caused by a herniated intervertebral disk, carpal tunnel syndrome, drug addiction, and depression, render him incapable of gainful employment. AR 807, 808. Dr. Couturier further opined that Plaintiff certainly could not return to work in construction or as a concrete finisher, AR 808, and the ALJ agreed with that opinion, AR 34. However, the ALJ did not agree with Dr. Couturier's opinion that Plaintiff could not be gainfully employed while

seeking treatment for his medical conditions. *Id*. Therefore, the ALJ assigned only some weight to Dr. Couturier's overall opinion. AR 33-34. An ALJ may reject a treating physician's opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings." *Magallanes,* 881 F.2d at 751.

The ALJ gave multiple valid reasons for discounting a portion of Dr. Couturier's opinion. *Id*. The ALJ found that Dr. Couturier's opinion was inconsistent with Plaintiff's benign mental status exams, his statements that he had not recently suffered from anxiety or depression, and his activities of daily living. AR 34. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ's determination is supported by the record.

First, the ALJ noted that Dr. Couturier's statements regarding Plaintiff's debilitating impairments are inconsistent with other medical evidence in the record. AR 28, 34. Dr. Couturier attributed Plaintiff's depression to Plaintiff's multiple health issues or his continued recovery from addiction. AR 807. However, the ALJ pointed to several status examination notes indicating that Plaintiff had normal mood and affect, appropriate mood and affect, normal and euthymic mood, upbeat mood, and good eye contact. AR 28, 773-74, 930-31, 955-56. Further, on multiple

occasions during the relevant time period Plaintiff denied ever having any anxiety or depression. AR 28, 1618, 1621, 1624, 1627, 1632, 1642.

Next, the ALJ found Dr. Couturier's opinion that Plaintiff's herniated intervertebral disk and carpal tunnel render him incapable of employment is also contradictory to the record. AR 26-27, 32-33. With regard to Plaintiff's carpal tunnel syndrome, the ALJ noted that Plaintiff underwent a successful operation for his left hand. AR 27, 766, 771, 807, 1632. Further, Plaintiff testified that his right hand does not hurt as bad as his left hand, AR 27, 73, and that Plaintiff has chosen not to pursue surgery for his right hand. *Id*. With regard to Plaintiff's alleged disabling back impairment, the ALJ pointed to Plaintiff's minimal limitations during multiple exams, such as his ability to tandem walk, toe and heel walk, hop, fully squat, and get on and off of the exam table, as well as his normal gait, strength, reflexes, and sensation. AR 33, 761, 956, 767-68, 1635.

Finally, the ALJ found Dr. Couturier's opinion that Plaintiff is incapable of gainful employment while seeking treatment for his health impairments is inconsistent Plaintiff's level of activity. AR 27, 30, 33. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856. The ALJ pointed to several of Plaintiff's daily activities in order to support her finding that Plaintiff's impairments were not severe enough to render him incapable of any kind of

employment. Specifically, Plaintiff's ability to repair water damage in his home eight hours a day in December of 2013, is inconsistent with Dr. Couturier's opinion that Plaintiff is incapable of gainful employment while seeking treatment for his health issues. AR 808, 1641. Plaintiff's own report indicating that he can cook, wash dishes, do laundry, train his dogs, and comfortably lift 50 pounds is also inconsistent with Dr. Couturier's opinion. AR 27, 30, 33, 766. These activities noted by the ALJ provide ample support for discrediting Dr. Couturier's opinion.

The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Couturier's opinion.

### 3. CeCilia Cooper, Ph.D.

Dr. Cooper, an examining psychologist, provided two opinions regarding

Plaintiff's mental and physical health in August of 2012, AR 671-77, and December of 2013, AR 770-75. The ALJ did not consider Dr. Cooper's 2012 opinion because it was considered during the prior application period and the ALJ found no reason to reopen the previously adjudicated application. AR 32; *see supra* at pp. 9-11. The ALJ did not completely reject Dr. Cooper's 2013 opinion but afforded it only some weight. AR 32-33. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester,* 81 F.3d at 830-31.

In her report, Dr. Cooper opined that Plaintiff would have occasional difficulty maintaining attention and concentration for extended periods of time due to fluctuations in pain and fatigue, he does some physical tasks slowly because of back pain and fatigue, his grasp in his right hand is poor at times because of carpal tunnel problems, his short term and immediate memory are not impaired, he has some cognitive deficits, and that Plaintiff's ability to maintain attention and concentration is not impaired. AR 770-75. Dr. Cooper also indicated that Plaintiff would be capable of doing more sedentary tasks at a normal rate of speed, that he would require a moderate level of supervision, and that he would usually get along with supervisors and coworkers. AR 775.

The ALJ found Dr. Cooper's opinion inconsistent with Plaintiff's own statements, his reported activities of daily living, and with other medical evidence in the record. AR 33. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. The ALJ provided multiple valid reasons supported by the record for assigning only some weight to Dr. Cooper's opinion.

First, the ALJ found Dr. Cooper's opinion inconsistent with Plaintiff's own statements and his reported activities of daily living. AR 33. Throughout multiple reports and examinations, Plaintiff's statements regarding his daily activities and limitations vastly exceed the restrictions in Dr. Cooper's opinion. For example, Plaintiff reported being capable of doing house chores, yardwork, home repairs for eight hours a day, and that he could comfortably lift 50 pounds. AR 33, 769. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

Next the ALJ also found that Dr. Cooper's opinion regarding Plaintiff's physical limitations inconsistent with other medical evidence in the record. *See Morgan*, 169 F.3d at 600 (an ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record). In Dr. Cooper's opinion, Plaintiff would be slow to complete tasks involving much physical labor, due to pain and fatigue, therefore, he should be confined to sedentary work. AR 33, 775. The ALJ

disagreed with this opinion by pointing to Plaintiff's minimal limitations during multiple exams, such as his ability to tandem walk, toe and heel walk, hop, and fully squat as well as his normal gait, strength, reflexes, and sensation. AR 33, 956, 761, 767-68, 1635. The ALJ further noted that Dr. Cooper's opinion was inconsistent with Plaintiff's ability to do home repairs for eight hours a day, AR 1641, as well as his statement that he can comfortably lift up to 50 pounds. AR 769.

With regard to Plaintiff's mental limitations, the ALJ agreed with Dr. Cooper that Plaintiff has some cognitive deficits. AR 34. However, the ALJ disagreed with Dr. Cooper's opinion that Plaintiff would require a moderate level of supervision and found it inconsistent with the record. *Id.* The ALJ found instead, that Plaintiff would require only occasional supervision. *Id.* To support this finding, the ALJ pointed to multiple status examination notes indicating that Plaintiff had normal mood and affect, appropriate mood and affect, normal and euthymic mood, upbeat mood, and good eye contact. AR 28, 773-74, 930-31, 955-56. The ALJ also pointed to Dr. Cooper's own report, which stated that Plaintiff possessed good short-term memory, good concentration and attention, and good fund of knowledge. AR 34, 807-08. The ALJ provided further support by noting Plaintiff's ability to independently repair water damage in his home for eight hours a day. AR 34, 1641. As such, the ALJ found that prior to the date last insured,

Plaintiff was able to perform simple, repetitive tasks which could be completed in two-hour increments with only occasional supervision. AR 34.

The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. Rollins, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Cooper's opinion.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

   1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

   2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 14th day of February, 2019.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge